IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL E. WILLIAMS | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | NO. 6:15-CV-862 |
| | § | HON. MICHAEL E. SCHNEIDER |
| | § | |
| CITY OF TYLER, TEXAS, ET AL. | § | |
|    *Defendants* | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants, City of Tyler, Texas, Chief of Police Gary M. Swindle, Officer Bain, Officer Reed, Officer Matthews, Officer A. Erbaugh, Officer Bulman, Environmental Compliance Engineer Clayton Nicocardi, Mayor Martin Heines, City Attorney Deborah Pullum, City Manager Ed Broussard, and City Engineer Carter Delleny, file this answer in response to Plaintiff's Original Complaint (the "complaint").

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations on page 1 of the complaint, which are denied.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations on page 2 of the complaint, which are denied.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations on page 3 of the complaint, which are denied.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations on page 4 of the complaint, which are denied.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations on page 5 (Plaintiff's medical record) of the complaint, which are denied.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Section I "Attempt to secure counsel" of the complaint, which are denied.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Section II "List previous lawsuits" of the complaint, which are denied.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Section III "Parties to this suit" of the complaint, which are denied.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the preamble to Section IV "Statement of Claim" of the complaint, which are denied

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(1) of the complaint, which are denied.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV (2) of the complaint, which are denied.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph IV (3) of the complaint, which are denied.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(4) of the complaint, which are denied.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(5) of the complaint, which are denied

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(6) of the complaint, which are denied.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(7) of the complaint, which are denied.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph IV(8) of the complaint, which are denied.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(9) of the complaint, which are denied.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(10) of the complaint, which are denied

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(11) of the complaint, which are denied.

21. Defendants deny the allegations in Paragraph IV(12) of the complaint.

22. Defendants deny the allegations in Paragraph IV(13) of the complaint.

23. Defendants deny the allegations in Paragraph IV(14) of the complaint.

24. Defendants deny the allegations in paragraph IV(15) of the complaint.

25. Defendants deny the allegations in paragraph IV(16) of the complaint.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph IV(17) of the complaint, which are denied.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(18) of the complaint, which are denied.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(19) of the complaint, which are denied

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(20) of the complaint, which are denied.

30. Defendants deny the allegations in paragraph IV(21) of the complaint.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(22) of the complaint, which are denied.

32. Defendants deny the allegations in paragraph IV(23) of the complaint.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(24) of the complaint, which are denied.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(25) of the complaint, which are denied.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(26) of the complaint, which are denied.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(27) of the complaint, which are denied.

37. Defendants deny the allegations in paragraph IV (28) of the complaint.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(29) of the complaint, which are denied.

39. Defendants deny the allegations in paragraph IV(30) of the complaint.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(31) of the complaint, which are denied.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(32) of the complaint, which are denied.

42. Defendants deny the allegations in paragraph IV(33) of the complaint.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph IV(34) of the complaint, which are denied.

45. Defendants deny that Plaintiff is entitled to the relief requested in the prayer portion of the complaint.

46. The individual Defendants are entitled to qualified immunity as to Plaintiff's claims. *See, e.g., Tolan v. Cotton*, 713 F.3d 299, 304 (5th Cir. 2013). Discovery should not be allowed in this case until the Court determines the issue of qualified immunity. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe*

*v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). The "district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense," but the "district court must first find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id.* A "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. After the district court finds a plaintiff has so pled, if the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* The individual Defendants respectfully request the Court to determine whether Plaintiff has satisfied these requirements for overcoming their qualified immunity.

47. Plaintiff cannot recover on his claim for punitive damages against Defendant, the City of Tyler, Texas. A "municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 101 S. Ct. 2748, 2762 (1981).

48. To the extent Plaintiff has alleged claims under state law, Defendants' governmental immunity bars all such claims.

49. Defendants request a trial by jury.

WHEREFORE, Defendants request that Plaintiff take nothing by this action and requests an award of the general and special relief that Defendants are entitled to receive.

Respectfully submitted,

M. KEITH DOLLAHITE, P.C.
5457 Donnybrook Avenue
Tyler, Texas 75703
(903) 581-2110
(903) 581-2113 (Facsimile)
keith@mkdlaw.us

/s/ Keith Dollahite
By:_____
M. Keith Dollahite
State Bar No. 05958550

Attorney for Defendants,
City of Tyler, Texas,
Chief of Police Gary M. Swindle,
Officer Bain,
Officer Reed,
Officer Matthews,
Officer A. Erbaugh,
Officer Bulman,
Environmental Compliance Engineer Clayton Nicocardi,
Mayor Martin Heines,
City Attorney Deborah Pullum,
City Manager Ed Broussard,
and City Engineer Carter Delleny

## **CERTIFICATE OF SERVICE**

  The foregoing document filed and served electronically in compliance with Local Rule CV-5(a), as well as served by first class mail, postage prepaid, to Michael E. Williams, 5815 Cross Creek Circle, Tyler, Texas 75703, on October 15, 2015.

                /s/ Keith Dollahite
                _____